# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER R. CHIN-YOUNG,
    Appellant,

DOCKET NUMBER
AT-0752-11-0699-I-2

v.

DEPARTMENT OF
    TRANSPORTATION,
        Agency.

DATE: September 1, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher R. Chin-Young, Alpharetta, Georgia, pro se.

William P. Vines, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of a reassignment. For the reasons discussed below, we GRANT the appellant's petition for review, MODIFY the initial decision, and DISMISS the appeal for lack of jurisdiction on different

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

grounds. Except as expressly MODIFIED by this Final Order to correct the administrative judge's analysis concerning exhaustion, we AFFIRM the initial decision.

¶2 On June 7, 2011, the appellant filed an appeal of an April 2009 reassignment from one position to another position at the same grade and pay. *Chin Young v. Department of Transportation*, MSPB Docket No. AT-0752-11-0699-I-1, Initial Appeal File (I-1 IAF), Tab 1. The administrative judge dismissed the appeal without prejudice on September 29, 2011, pending resolution of the appellant's equal employment opportunity (EEO) complaint concerning the same matter. I-1 IAF, Tab 6.

¶3 When the EEO process finally concluded, the appellant timely refiled his appeal on January 14, 2014. *Chin Young v. Department of Transportation*, MSPB Docket No. AT-0752-11-0699-I-2, Initial Appeal File (I-2 IAF), Tab 1. He asserted for the first time that his reassignment constituted reprisal for whistleblowing. I-2 IAF, Tab 3 at 1. The administrative judge issued an order apprising the appellant of the jurisdictional requirements in an individual right of action (IRA) appeal and ordering him to submit evidence and argument on the jurisdictional issue. I-2 IAF, Tab 4. After affording the parties the opportunity to respond, the administrative judge dismissed the appeal for lack of IRA jurisdiction without a hearing on the basis that the appellant did not prove that he exhausted his administrative remedies before the Office of Special Counsel (OSC). I-2 IAF, Tab 11, Initial Decision (ID) at 3. He also found that the Board otherwise lacked jurisdiction over the appellant's reassignment. *Id.*

¶4 The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). To satisfy the exhaustion

requirement of 5 U.S.C. § 1214(a)(3), an appellant must inform OSC of the precise ground of his charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation which might lead to corrective action. *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992).

¶5        The administrative judge correctly found that an appellant's interactions with OSC's Disclosure Unit do not satisfy the exhaustion requirement. *See Clemente v. Department of Homeland Security*, 101 M.S.P.R. 519, ¶ 13 (2006); ID at 3.    He was mistaken, however, in finding that the appellant's communications in this case were with the Disclosure Unit.  ID at 3.  In his response to the administrative judge's jurisdictional order, the appellant submitted a copy of his initial complaint to OSC.  I-2 IAF, Tab 5 at 7-12.  He also submitted a copy of a letter from an attorney in the Complaints Examining Unit setting forth OSC's preliminary conclusions, *id.* at 4-5, and a brief closure letter, *id.* at 6.  Because the administrative judge's findings of fact are contradicted by record evidence, we modify the initial decision.

¶6        However, we find that the record is sufficiently developed to permit us to resolve the initial jurisdictional issue without a remand.  In his OSC complaint, the appellant alleged that he was displaced from his position and reassigned to make room for an unqualified individual who was a personal friend of the relevant manager.  *Id.* at 10.  He did not claim that he made a protected disclosure or that that the agency took reprisal against him for protected whistleblowing. Similarly, in its correspondence, OSC characterizes the appellant's allegations as potential violations of 5 U.S.C. § 2302(b)(4)-(b)(6).  *Id.* at 4-5.  While OSC's opinions and conclusions are not binding on the Board,[2] considering the content of the appellant's OSC complaint, we agree with OSC's conclusion that the appellant alleged that the agency committed prohibited personnel practices but did not allege reprisal for whistleblowing.  Therefore, the appellant has not shown

---

[2] Because an IRA appeal is a de novo action, OSC's statements and findings cannot be dispositive.  *Smith v. Department of Agriculture*, 64 M.S.P.R. 46, 55 (1994).

that he exhausted his administrative remedies before OSC and the Board lacks IRA jurisdiction over this appeal. *See Finston v. Health Care Financing Administration*, 83 M.S.P.R. 100, ¶¶ 9-10 (1999).

¶7  Similarly, because, as the administrative judge correctly found, the Board lacks jurisdiction over reassignments that do not involve a reduction in pay or grade, the appellant has not otherwise established jurisdiction over his reassignment. *See Lopez v. Department of the Navy*, 108 M.S.P.R. 384, ¶ 18 (2008).

¶8  Finally, the appellant has submitted a number of documents with his petition for review. Most of these documents already are part of the record. Petition for Review (PFR) File, Tab 1 at 4-6, 11-29. Evidence that is already a part of the record is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). Some of the documents that the appellant submits on review are not in the record below. PFR File, Tab 1 at 7-10. However, with one exception, they all predate the close of the record below. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not made such a showing. In any event, none of the documents shed any light on the question of whether the appellant exhausted his administrative remedies. Because they are neither new nor material, we have not relied upon them. *See Ellis v. U.S. Postal Service*, 121 M.S.P.R. 570, ¶¶ 6-7 (2014).

¶9  Accordingly, we dismiss the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to

request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is

contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.